***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Phillips. The appealing party has shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission reverses the Opinion and Award of Deputy Commissioner Phillips and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. Plaintiff is Reba Duncan.
2. The employer is Guilford County Schools and its adjusting agency is Key Risk Management.
3. The Defendant-Employer regularly employs three or more employees and is bound by the North Carolina Workers' Compensation Act.
4. The Plaintiff was employed with the Defendant-Employer from approximately August 1999 to approximately January 2003.
5. The Employer-Employee relationship existed between the employer and the employee on or about May 3, 2002. Plaintiff was employed as a business education teacher.
6. On May 3, 2002, the Plaintiff sustained an admitted injury by accident to her right knee while in the course and scope of her employment with the Defendant-Employer, when she tripped over a computer cord, grabbed a desk, and twisted her right knee to keep from falling.
7. The claim was accepted as compensable via a Form 60 filed with the Commission on October 18, 2002. Benefits were paid at an average weekly wage of $506.39 and a corresponding compensation rate of $337.61.
8. Upon filing of a Form 33 and a Form 33R, the parties were ordered to participate in mediation. The parties conducted a mediation on June 4, 2004, at which time the parties entered into a mediation settlement agreement.
9. As part of the mediation settlement agreement, the parties agreed upon an average weekly wage of $645.00 and a compensation rate of $430.00. This was based on a list of checks received by Plaintiff in the 52 weeks preceding her injury rather than a formal Form 22, along with discussions regarding the significance of the fact that Plaintiff was a ten month employee paid over ten months during the 2000-2001 school year, and that she was a ten month employee paid over twelve months during the 2001-2002 school year.
10. Following the mediation, Defendant accepted Plaintiff's back and right hip conditions as medically related to her original right knee injury, thereby resolving the issues for which the Form 33 had been filed.
11. The only remaining issues at the time of the hearing were whether the portion of the mediation settlement agreement regarding calculation of the average weekly wage and compensation rate was binding and, if not, what the correct average weekly wage and compensation rate were.
12. On the date of the hearing, the parties did not present oral testimony, but instead entered into evidence the following documents: (1) the Pre-Trial Agreement (Stip. Ex. 1), (2) the Form 60 (Plaintiff's Ex. 1), (3) the Mediation Settlement Agreement (Plaintiff's Ex. 2), and (4) the Form 22 and a list of checks received by Plaintiff (Defendant's Ex. 1).
13. Based on the aforementioned documents, Plaintiff maintained she was entitled to $645.00 per week, and Defendant maintained the correct average weekly wage and compensation rate were reflected by the list of checks received by Plaintiff in the 52 weeks preceding her injury, the same sum eventually calculated by the duly prepared Form 22.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was employed by Guilford County Schools as a business education teacher at Northeast Guilford High School at the time of her injury in May, 2002.
2. Plaintiff initially taught at Page High School in Greensboro. Plaintiff taught part time, with a sixty percent teaching load, through the end of the 2000-2001 school year. Plaintiff was paid her salary in ten monthly installments for the 2000-2001 school year, with the last installment being paid in June 2001.
3. Beginning August 9, 2001, plaintiff was employed by defendant to teach full-time at Northeast Guilford High School in McLeansville. Plaintiff's annual salary for teaching ten months during the 2001-2002 school year from August 9, 2001 until June 2002 was $33,410.03. This was to be paid in twelve monthly installments. Defendant also paid plaintiff a $450 bonus in November 2001 for her performance during the previous school year.
4. On May 3, 2002, plaintiff sustained an admittedly compensable injury by accident, and defendant initiated temporary total disability compensation on October 18, 2002. Defendant filed a Form 60, indicating that plaintiff's average weekly wage and compensation rate were $506.39 and $337.61, respectively.
5. Defendant paid plaintiff compensation for total disability from October 10, 2002 through January 5, 2003. Prior to the hearing scheduled before the deputy commissioner, defendant agreed to pay compensation for total disability beginning January 14, 2003.
6. After plaintiff's injury on May 3, 2002, plaintiff and defendant entered into a contract for plaintiff to teach during the 2002-2003 school year, at a salary higher than her salary for the 2001-2002 school year.
7. The parties participated in a mediation settlement conference on June 4, 2004, and the parties entered into a mediated settlement agreement. The agreement included an agreement that defendant would agree to a corrected average weekly wage of $645.00 and a compensation rate of $430.00. Further, defendant agreed to pay the underpayment of compensation at this rate for benefits which had already been rendered.
8. Following June 4, 2004, defendant paid plaintiff the additional compensation owed consistent with the mediated settlement agreement.
9. The Industrial Commission wage chart Form 22 prepared by defendant, contained plaintiff's wages for the fifty-two weeks prior to her injury. The total wages shown, $26,332.53, combines plaintiff's wages for teaching part-time, at a sixty percent level, during the last months of the 2000-2001 school year, with her wages for teaching full time beginning August 9, 2001.
10. A computation of plaintiff's average weekly wage using the usual methods of computation, including methods one, two and three of the statute, would be unjust to plaintiff. These methods would dilute the average weekly wage by combining her earnings from her two distinct periods of employment.
11. Because of the exceptional reasons in this claim, the fifth method specified in the statute should be utilized to use a method which will yield average weekly wages which "will most nearly approximate the amount which the injured employee would be earning were it not for the injury."
12. Plaintiff's average weekly wage should be computed based only upon her earnings during the 2001-2002 school year while employed by defendant under a contract to teach full-time. This wage is derived by dividing plaintiff's annual salary at the time of her injury, $33,410.03, adding her $450.00 performance bonus, and dividing the figure by 52.
13. There is no indication that the parties' mediated settlement agreement resulted from a mutual mistake of fact.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The parties' June 4, 2004 agreement to an average weekly wage of $645.00 is fair and just and should be approved by the Commission. Lemly v.Colvard Oil Co., 157 N.C. App. 99, 577 S.E.2d 712 (2003).
2. Plaintiff is entitled to payment of compensation for disability based on the average weekly wage of $645.00, which yields a total disability compensation rate of $430.00 per week. N.C. Gen. Stat. § 97-2(5).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. The parties' June 4, 2004 agreement to an average weekly wage of $645.00 is hereby approved. Plaintiff is entitled to payment of compensation for total disability at the rate of $430.00 per week based on this average weekly wage.
2. Defendants shall pay costs.
This the ___ day of July, 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER